**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MARLENE TAPIA,**

**Plaintiff,**

**v.** **No. CIV 13-01116 JB/RHS**

**BLANCA ZAPATER, a Bernalillo County, New Mexico Corrections Officer in her individual capacity,**

**Defendant.**

**DEFENDANT BLANCA ZAPATER'S ANSWER TO COMPLAINT FOR FEDERAL CIVIL RIGHTS VIOLATIONS AND VIOLATION OF THE NEW MEXICO TORT CLAIMS ACT**

Defendant, Blanca Zapater, through her attorneys Robles, Rael & Anaya, P.C. (Marcus J. Rael, Jr., Esq. and Christina E. Anaya, Esq.), hereby states the following for her Answer to Plaintiff's Complaint for Federal Civil Rights Violations and Violations of the New Mexico Tort Claims Act:

**JURISDICTION AND VENUE**

1. Defendant Zapater admits the allegations made in paragraph 1 of Plaintiff Marlene Tapia's Complaint for Federal Civil Rights Violations and Violation of the New Mexico Tort Claims Act (*hereinafter* referred to as "Tapia's Complaint").

2. Defendant Zapater admits that she is a resident of New Mexico, as alleged in paragraph 2 of Tapia's Complaint. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 2 of Tapia's

Complaint and, therefore, denies them.

3. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of Tapia's Complaint and, therefore, denies them.

**PARTIES**

4. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 4 of Tapia's Complaint and, therefore, denies them.

5. Defendant Zapater admits that she was a corrections officer at the Metropolitan Detention Center at all times relevant to the allegations made in Tapia's Complaint, as alleged in paragraph 5 of Tapia's Complaint. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 5 of Tapia's Complaint and, therefore, denies them.

6. Defendant Zapater admits the allegations made in paragraph 6 of Tapia's Complaint.

**FACTUAL ALLEGATIONS**

7. Defendant Zapater admits the allegations made in paragraph 7 of Tapia's Complaint.

8. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 8 of Tapia's Complaint and, therefore, denies them.

9. Defendant Zapater admits the allegations made in paragraph 9 of Tapia's Complaint.

10. Defendant Zapater admits the allegations made in paragraph 10 of Tapia's Complaint.

11. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 11 of Tapia's Complaint and, therefore, denies them.

12. Defendant Zapater admits the allegations made in paragraph 12 of Tapia's Complaint.

13. Defendant Zapater denies the allegations made in paragraph 13 of Tapia's Complaint.

14. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 14 of Tapia's Complaint and, therefore, denies them.

15. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 15 of Tapia's Complaint and, therefore, denies these allegations.

16. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 16 of Tapia's Complaint and, therefore, denies these allegations.

17. Defendant Zapater denies the allegations made in paragraph 17 of Tapia's Complaint.

18. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 18 of Tapia's Complaint and, therefore, denies these allegations.

19. Defendant Zapater admits the that the Metropolitan Detention Center's policy regarding strip searches states: "If evidence shows that an item is in the body cavity of an inmate he/she will be referred to the Contract Medical Provider for treatment," as alleged in paragraph 19

of Tapia's Complaint. With respect to the remaining allegations made in paragraph 19 of Tapia's Complaint, Defendant Zapater denies them.

20. Defendant Zapater denies the allegations made in paragraph 20 of Tapia's Complaint.

21. Defendant Zapater denies that the sprayed Ms. Tapia with chemical agents twice on her naked genitals, as alleged in paragraph 21 of Tapia's Complaint. With respect to the remaining allegations in paragraph 21 of Tapia's Complaint, Defendant Zapater admits that Ms. Tapia was taken to the medical unit for examination for her exposure to chemical agents as alleged in paragraph 21 of Tapia's Complaint.

22. Defendant Zapater denies the allegations made in paragraph 22 of Tapia's Complaint.

23. Defendant Zapater denies the allegations made in paragraph 23 of Tapia's Complaint. Defendant Zapater affirmatively states that she received a Corrective Action letter.

**CONSTITUTIONAL CLAIMS PURSUANT TO 42 U.S.C. § 1983**

**Claim for Relief - Cruel and Unusual Punishment in Violation of the Due Process Clause of Eighth and Fourteenth Amendments to the United States Constitution**

24. Defendant Zapater realleges all of her previous and subsequent answers to Tapia's Complaint as her answer to paragraph 24 of Tapia's Complaint.

25. Defendant Zapater admits the allegations made in paragraph 25 of Tapia's Complaint.

26. Defendant Zapater admits the allegations made in paragraph 26 of Tapia's Complaint.

27. Defendant Zapater denies the allegations made in paragraph 27 of Tapia's Complaint.

28. Defendant Zapater denies the allegations made in paragraph 28 of Tapia's Complaint.

29. Defendant Zapater has neither knowledge nor information sufficient to form a belief as to the truth of the allegations made in paragraph 29 of Tapia's Complaint and, therefore, denies them.

30. Defendant Zapater denies the allegations made in paragraph 30 of Tapia's Complaint.

31. Defendant Zapater denies the allegations made in paragraph 31 of Tapia's Complaint.

32. Defendant Zapater denies the allegations made in paragraph 32 of Tapia's Complaint.

## STATE LAW TORT CLAIMS

### Claim for Relief - Battery

33. Defendant Zapater realleges all of her previous and subsequent answers to Tapia's Complaint as her answer to paragraph 33 of Tapia's Complaint.

34. Defendant Zapater denies the allegations made in paragraph 34 of Tapia's Complaint.

35. Defendant Zapater denies the allegations made in paragraph 35 of Tapia's Complaint.

36. Defendant Zapater denies the allegations made in paragraph 36 of Tapia's Complaint.

37. Defendant Zapater denies the allegations made in paragraph 37 of Tapia's Complaint.

38. Defendant Zapater hereby denies each and every allegation not specifically admitted in her Answer, including any allegations made in Tapia's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

None of the actions described in Tapia's Complaint constitute a violation of Tapia's constitutional rights.

**Second Affirmative Defense**

The actions of Defendant Zapater were objectively reasonable under the circumstances and authorized by the clearly established law, entitling her to qualified immunity.

**Third Affirmative Defense**

Tapia alleged a number of causes of action which fail to state a claim for which relief may be granted. See Fed.R.Civ.P. 12(b)(6).

**Fourth Affirmative Defense**

Tapia's state law claims are subject to requirements, limitations and immunities of the New Mexico Tort Claims Act.

**Fifth Affirmative Defense**

Tapia failed to mitigate her damages.

**Sixth Affirmative Defense**

Defendant Zapater's alleged negligence or intentional torts, if any, must be compared with the intentional torts and negligence of Tapia and all other unnamed tortfeasors.

**Seventh Affirmative Defense**

Defendant Zapater reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this answer.

**JURY DEMAND**

Defendant Zapater demands a trial by jury for all claims which may be tried by a jury.

**WHEREFORE,** Defendant Zapater respectfully request that this Court dismiss Tapia's

Complaint for Federal Civil Rights Violations and Violations of the New Mexico Tort Claims Act with prejudice, award Defendant Zapater her attorney's fees and costs, and for all other relief this Court deems just and proper.

Respectfully submitted,

ROBLES, RAEL & ANAYA, P.C.

By: /s/ Christina E. Anaya

Marcus J. Rael, Jr., Esq.
Christina E. Anaya, Esq.
Attorneys for Defendant Zapater
500 Marquette Ave., NW, Suite 700
Albuquerque, New Mexico 87102
(505) 242-2228
(505) 242-1106 (facsimile)
marcus@roblesrael.com
tina@roblesrael.com

I hereby certify that on this 16th day of December 2013, the foregoing was electronically served through the CM/ECF system to the following:

Alexandra Freedman Smith, Esq.
ACLU of NM Foundation
P.O. Box 566
Albuquerque, NM 87103-0566
(505) 266-5915 x 1008
(505) 266-5916 (facsimile)
asmith@aclu-nm.org

Matthew L. Garcia, Esq.
Garcia Ives Nowara LLC
201 Third Street NW, Suite 480
Albuquerque, NM 87102
(505) 899-1030
(505) 899-1051 (facsimile)
matt@ginlawfirm.com

/s/ Christina E. Anaya
Christina E. Anaya, Esq.